Argued February 5; Affirmed March 9, 1948

## CARLSON *v.* WAGBERG

190 P. (2d) 926

*Ben Anderson,* of Portland, argued the cause for appellant. On the brief were Lord, Anderson & Franklin, of Portland.

*Hugh L. Biggs* and *Richard Devers,* of Portland, argued the cause for respondent. With them on the brief were Hart, Spencer, McCulloch & Rockwood, of Portland.

Before Rossman, Chief Justice, and Belt, Bailey, Brand and Hay, Justices.

BELT, J.

This is an action to recover damages for personal injuries sustained by plaintiff while riding as a guest in an automobile owned and operated by the defendant. From an order allowing a motion of the defendant for a judgment of involuntary nonsuit, the plaintiff appeals.

In view of the demurrer to the evidence, a statement of the facts must be made in the light most favorable to the plaintiff. Plaintiff and the defendant were loggers who worked in the woods about twenty miles northwest of Banks in Washington county, Oregon. Both of them resided in or near Portland, Oregon, about fifty miles distant from the logging operations. At the close of the day's work on April 19, 1946, plaintiff and the defendant, together with a co-worker named Carl Larson, were transported by a "speeder" to the place where the defendant had parked his car. Defendant offered to give plaintiff and Larson a free ride home. Defendant drove his automobile in an easterly direction on the Wolf Creek highway toward Banks, about fifteen miles distant, at a speed of 65 miles per hour. It had been raining and the pavement was wet. There was no complaint by either the plaintiff or Larson, who were sitting in the front seat—Larson being in the middle—as to the manner

in which the defendant drove. There was no skidding of the car, and it appears that defendant was paying attention to his business of driving. When the car approached Banks, the speed was reduced when they came upon a large truck loaded with lumber going in the same direction. Defendant followed the truck about one-half mile after leaving Banks and on the way toward Forest Grove. The truck was traveling at a speed of approximately 35 miles per hour. The defendant undertook to pass the truck and when he came alongside thereof, an automobile came into view about 200 or 300 feet away, going toward Banks. Defendant, in order to avoid a collision with this oncoming vehicle, increased his speed to 55 miles per hour and swung to the right in front of the truck, thereby causing his car to "spin" first to the left side of the highway and then to the right side, where it turned over and seriously injured the plaintiff. It was daylight and the black-top pavement at the scene of the accident was wet.

■ The vital question is whether there is any substantial evidence tending to show that the defendant is guilty of gross negligence in undertaking to pass the truck under the circumstances. The action is controlled by the "Guest" statute, § 115-1001, O. C. L. A., which provides:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his gross negligence or intoxication or his reckless disregard for the rights of others."

This statute is designed to relieve the host-driver of

the consequences of ordinary negligence to his guest. The legislature, no doubt, believed that a person who was generous enough to give free transportation to another person should not be mulcted in damages on account of ordinary negligence. Therefore, in order to recover, the plaintiff must establish gross negligence. This court has several times had occasion to define gross negligence as used in the "Guest" statute and has consistently followed the well considered case of *Rauch v. Stecklein,* 142 Or. 286, 20 P. (2d) 387, wherein it was said:

> " * * * gross negligence is conduct which indicates an indifference to the probable consequences of the act. A motor-host who drives in a manner which indicates that he has no concern for consequences and an indifference to the rights of others is said to be guilty of gross negligence."

■ In our opinion the evidence at most establishes only a *prima facie* case of ordinary negligence. Defendant undoubtedly committed an error in judgment in undertaking to pass this truck, but he succeeded in avoiding a collision with the oncoming vehicle, although it was a "close call." This is not a case where a driver, who sees an automobile approaching from the opposite direction in such close proximity that he could not pass, nevertheless, persists in his course with utter indifference to consequences.

The authorities are legion involving cases of gross negligence. Obviously, the decision in each case is dependent upon its own facts and circumstances. We think no good purpose would be served in reviewing the authorities. °The difficulty lies not in the statement of the law but rather in its application to a particular factual situation.

The judgment of the circuit court is affirmed.